**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STACEY ODDO, a FEMME SOLE and JOHN BURKLAND ET UX., Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-03350 |
| UNION PACIFIC RAILROAD COMPANY, Defendant. | § § § § | |

**MEMORANDUM AND ORDER**

Before the Court in this property dispute is Defendant Union Pacific Railroad Company's ("Union Pacific") Motion for Summary Judgment ("Motion") [Doc. # 54]. Plaintiffs filed a response,[1] and Union Pacific replied.[2] The Motion is ripe for decision. Based on the parties' briefing, relevant matters of record, and pertinent legal authority, the Court **grants** Union Pacific's Motion.[3]

---

[1]  Stacey Oddo and John Burkland, Et Ux's Response to Union Pacific Railroad's Motion for Summary Judgment and Motion for Declaratory Judgment ("Response") [Doc. # 56].

[2]  Union Pacific Railroad Company's Reply in Support of Its Motion for Summary Judgment ("Reply") [Doc. # 58].

[3]  Union Pacific's Opposed Motion to Strike/Exclude the Testimony of Juliene Harrod [Doc. # 53] is **denied as moot**.

# I.   BACKGROUND

This lawsuit is a property dispute between two landowners and Defendant

Union Pacific.[4]   The relevant properties are five adjacent tracts located in

Seabrook, Texas.  Of the five properties, three are owned by Plaintiff Stacey Oddo

(the "Oddo Tracts") and two are owned by Plaintiff John Burkland (the "Burkland

Tracts").  Plaintiffs acquired all the relevant properties during and prior to 2007.[5]

A single right-of-way, the Seabrook Industrial Lead, crosses all five

properties.  Ownership of the right-of-way has changed multiple times since it was

---

[4]   This background section is largely drawn from the factual allegations in Plaintiffs'
Third Amended Complaint.  Plaintiffs' Response restates the allegations contained
in their Third Amended Complaint.  Plaintiffs' only summary judgment evidence
attached to their Response is a set of recorded deeds.  Plaintiffs do not cite
summary judgment evidence on the basic factual assertions alleged in their Third
Amended Complaint.  For example, Plaintiffs do not cite evidence to support their
assertion that Union Pacific or its predecessor failed to maintain the railroad
station, that trains ceased running over Union Pacific's right of way, or that Union
Pacific took actions in excess of the scope of the easement.  Because Union
Pacific does not contend these are defects in Plaintiffs' case, the Court, for its
summary judgment analysis, assumes that a genuine factual issue exists over these
allegations.  *See Deutsche Bank Nat'l Tr. Co. v. Cardona*, No. 7:16-CV-448, 2017
WL 2999272, at *1 (S.D. Tex. Apr. 20, 2017) (holding that a party asserting that
certain facts cannot be genuinely disputed "has the initial responsibility of
informing the court of the basis for its motion and identifying those portions of the
pleadings and materials in the record, if any, which it believes demonstrate the
absence of a genuine [dispute] of material fact" (citing *Celotex Corp. v. Catrett*,
477 U.S. 317, 323 (1986))).  *See also* FED. R. CIV. P. 56(c)(1).

[5]   *See* Special Warranty Deed dated May 23, 2007 [Doc. # 53-3]; Special Warranty
Deed dated May 23, 2007 [Doc. # 53-4]; Warranty Deed with Vendor's Lien dated
June 28, 2000 [Doc. # 53-5]; General Warranty Deed dated May 11, 1994 [Doc.
# 54-8]; Special Warranty Deed dated March 9, 1995 [Doc. # 54-9].

2

conveyed in the 1890s. Most recently, Union Pacific acquired it in 1998. In August 2017, Union Pacific transferred its interest in the Seabrook Industrial Lead to the Texas Department of Transportation ("TXDOT").

Plaintiffs brought this lawsuit in Texas state court on September 16, 2017.[6] Union Pacific timely removed to federal court based on diversity jurisdiction on November 3, 2017.[7]

In their Third Amended Complaint, Plaintiffs allege that Union Pacific lacked a valid interest in the right-of-way running over their properties to transfer to TXDOT.[8] Plaintiffs contend that the right-of-way through their properties was destroyed when one of Union Pacific's railroad predecessors demolished a railway station in contravention of the relevant right-of-way grants. Plaintiffs bring claims to quiet title and for declaratory judgment, seeking the right of way declared invalid and vesting full title in Plaintiffs.[9] Plaintiffs further assert a claim for trespass, alleging Union Pacific and its predecessors exceeded the permissible

---

[6]     Plaintiffs' Original Petition and Request for Disclosures [Doc. # 1-2].

[7]     Defendant Union Pacific Railroad Company's Notice of Removal [Doc. # 1].

[8]     Plaintiffs' Third Amended Original Petition [Doc. # 38].

[9]     In their Response, Plaintiffs request the alternative relief of a declaration that Union Pacific lacks a fee simple interest in the property over which its easements run. Plaintiffs did not request this relief in their Third Amended Complaint and no request for such relief is properly before the Court.

scope of the right-of-way by unlawfully granting underground easements to pipeline companies, and by granting leases or licenses to non-railroad third parties to occupy the surface of the easement.

On April 17, 2019, after the close of discovery, Union Pacific moved for summary judgment on Plaintiffs three claims.

## II.   SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). Summary judgment on a claim or part of a claim is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (quoting FED. R. CIV. P. 56(a)).

A party asserting that certain facts cannot be genuinely disputed "has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *See Deutsche Bank Nat'l Tr. Co. v. Cardona*, No. 7:16-CV-448, 2017 WL 2999272, at *1 (S.D. Tex. Apr. 20, 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). *See also* FED. R. CIV. P. 56(c)(1). The moving party, however,

"need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). Instead, the moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

## III.   **DISCUSSION**

Union Pacific seeks summary judgment on Plaintiffs' three claims: (1) quiet title, (2) declaratory judgment, and (3) trespass. Union Pacific first argues the Court should reject Plaintiffs' attempt to have Union Pacific's right-of-way over Plaintiffs' properties declared invalid. Union Pacific contends that this attempt fails as a matter of law because the relevant right-of-way conveyances impose covenants, not conditions, whose breach cannot cause termination of the easements. Union Pacific further contends Plaintiffs' trespass claim is time barred because it was brought outside of the applicable two-year statute of limitations.

Union Pacific's positions are persuasive. The Court therefore **grants** summary judgment on Plaintiffs' three claims.

### A. The Court Will Dismiss Plaintiffs' Quiet Title and Declaratory Judgment Claims

Plaintiffs cite and attach to their Response a transcription of a grant dated April 2, 1895, which Plaintiffs label the "Nicholson Grant."[10] The parties agree that the Nicholson Grant runs over one of the Burkland Tracts.[11] The Nicholson Grant conveyed to the La Porte and Houston Railway Company Corporation a right-of-way easement "on the condition that said railway company construct and maintain a station at a convenient point along the right of way hereby conveyed."

Plaintiffs contend this language creates a condition subsequent to the conveyance and that one of Union Pacific's predecessors at some point breached by demolishing the train station. In response, Union Pacific argues that the

---

[10] *See* Doc. # 56-1.

[11] Motion at 7 & n.16. Plaintiffs attach several other grants and deeds to their Response. Union Pacific correctly observes that Plaintiffs attach no summary judgment evidence to their Response or cite record evidence suggesting any of these grants correspond with their tracts. Even assuming the deeds correspond with some of the Plaintiffs' properties, their contention that the easements contained in the deeds have been terminated fails as a matter of law. The only grant that arguably imposes a condition, what the Plaintiffs label the "Tod Grant" [Doc. # 56-6], requires the grantee only to build a railroad depot and station. The Tod Grant does not require the grantee railroad to maintain the built station. Plaintiffs neither allege nor cite record evidence indicating a railroad depot and station were not built.

language creates a covenant, and that the remedy for its breach, if it occurred, is damages and not termination of the easement. *See Dilbeck v. Bill Gaynier, Inc.*, 368 S.W.2d 804, 807 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.) ("The chief distinction between a covenant and a condition subsequent has to do with the remedy in the event of a breach. If a covenant, the remedy is an action for damages, but the breach of a condition subsequent results in a forfeiture of the estate."). The Court concludes that the Nicholson Grant imposes a covenant, not a condition subsequent. Thus, breach of the covenant, if it occurred, cannot result in termination of the easement.

Texas courts have a "strong constructional preference for restrictive covenants as opposed to conditions subsequent" and "will construe anything less than clear, plain and unequivocal language as creating merely a restrictive covenant." *See Humphrey v. C.G. Jung Educ. Ctr. of Hous.*, 714 F.2d 477, 483 (5th Cir. 1983); *Hearne v. Bradshaw*, 312 S.W.2d 948, 951 (Tex. 1958) ("Conditions subsequent are not favored by the courts, and the promise or obligation of the grantee will be construed as a covenant unless an intention to create a conditional estate is clearly and unequivocally revealed by the language of the instrument."); *Tex. Elec. Ry. Co. v. Neal*, 252 S.W.2d 451, 456 (Tex. 1952) ("Conditions and limitations that work forfeiture or termination of title are not favored, and in case of doubtful language the promise or obligation of the grantee

will be construed to be a covenant."); *KIT Projects, LLC v. PLT P'ship*, 479 S.W.3d 519, 526 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Because conditions tend to be harsh in operation, conditions are not favored in the law."). "The use of the technical word 'condition' or 'covenant' in the deed is *not* determinative of the character of the clause or provision to which it refers." *Dilbeck*, 368 S.W.2d at 807 (emphasis added).

In *Neal*, the Texas Supreme Court construed analogous language to the Nicholson Grant as creating a covenant, not a condition. *See* 252 S.W.2d at 456. There, the right-of-way grant in question provided that the conveyance was done "upon the further condition and consideration that" the grantee would establish and maintain a stop on the granted right of way. *See id.* at 453. The Court found the grant's language doubtful, despite its use of the term "condition" because it did "not expressly provide that title shall revert to the grantor in case of nonperformance on the part of the grantee" or "provide that title shall terminate when the stop is no longer maintained." *See id.* at 456. In accord with *Neal*, Texas courts have required some words indicating that the conveyed interest terminates or reverts upon breach to conclude that the parties intended to impose a condition. *See Ogilvie v. Hill*, 563 S.W.2d 846, 849 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.) ("The contract here contains no stipulation for termination or forfeiture with reference to the road obligation. In those circumstances the provision will be

construed to be not a condition but a covenant . . . ."); *Rosek v. Kotzur*, 267 S.W. 759, 761-62 (Tex. Civ. App.—San Antonio 1924, no writ) ("It is well settled by a long line of authorities . . . , that before a promise will be treated as a 'condition subsequent,' to destroy the conveyance, it must clearly appear by apt language in the very conveyance itself, *and* it must provide that such breach would operate to destroy the estate and reinvest it in the grantor." (emphasis added)).

Here, similarly to the grant in *Neal*, the Nicholson Grant does not "expressly provide that title shall revert to the grantor in case of nonperformance on the part of the grantee" or "provide that title shall terminate when the [station] is no longer maintained." *See* 252 S.W.2d at 456. *See also Ogilvie*, 563 S.W.2d at 849; *Rosek*, 267 S.W. at 761-62. While the Nicholson Grant does state that the grant of the right-of-way is "made on the condition" that the station be maintained, the use of the word "condition" is not determinative, as demonstrated in *Neal*. *See Neal*, 252 S.W.2d at 456; *Dilbeck*, 368 S.W.2d at 807. Plaintiffs identify no other features of the grant, other than the "condition" language, indicating that the parties' predecessors intended to create a condition rather than a covenant. Because the Nicholson Grant imposes a covenant, not a condition, the alleged breach of the covenant cannot, as a matter of law, cause the easement's termination.

**B.** **The Court Dismisses Plaintiffs' Trespass Claim Because It Is Barred By the Applicable Statute of Limitations**

Plaintiffs bring a claim for trespass, alleging that Union Pacific's conduct exceeded the scope of its right-of-way easements by unlawfully granting underground easements and authorizing non-railroad third parties to occupy the surface of the easement. Union Pacific contends Plaintiffs' trespass claim is barred under Texas's two-year statute of limitation period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). In response, Plaintiffs do not contest that they had notice of Union Pacific's and its predecessors' allegedly violative conduct more than two years before filing suit. Plaintiffs, however, contend that their trespass claim is not time barred under Texas's "discovery rule" because they had no actual notice that Union Pacific and its predecessors were not fee simple owners of the property in question.[12] Plaintiffs do not contest that the relevant deeds they cite as conveying only rights-of-way were properly recorded. Instead, Plaintiffs argue that the grants are old and they only discovered the grants shortly before filing suit.

Plaintiffs' invocation of the discovery rule is unpersuasive. The Court concludes that Plaintiffs had constructive notice of the limited scope of Union

---

[12] Plaintiffs also appear to contend that a "fraud exception" to the two-year limitations period is applicable. The Court is unpersuaded. Plaintiffs cite no authority for this point. Moreover, Plaintiffs allege no fraudulent concealment by Union Pacific, an cite no record evidence indicating fraudulent concealment, other than Union Pacific's allegedly violative conduct itself.

Pacific's rights more than two years before filing suit. The Court therefore concludes that Plaintiffs' trespass claim is time barred.

"Trespass to real property requires a showing of an unauthorized physical entry onto another's property by some person or thing." *Yalamanchili v. Mousa*, 316 S.W.3d 33, 40 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The statute of limitations for trespass to real property is two years from the date the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). "A trespass cause of action accrues upon discovery of the first physical invasion of the thing on the plaintiff's property." *Yalamanchili*, 316 S.W.3d at 40.

"The discovery rule is a limited exception to strict compliance with the statute of limitations." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 457 (Tex. 1996). "Texas courts generally apply the discovery rule to causes of action for damage to property," such as trespass claims. *See W.W. Laubach Tr./The Georgetown Corp. v. The Georgetown Corp./W.W. Laubach Tr.*, 80 S.W.3d 149, 159 (Tex. App.—Austin 2002, pet. denied). The rule "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Comput. Assocs. Int'l*, 918 S.W.2d at 457.

"Constructive notice is notice the law imputes to a person not having personal information or knowledge." *Hue Nguyen v. Chapa*, 305 S.W.3d 316, 324

11

(Tex. App.—Houston [14th Dist.] 2009, pet. denied). "Constructive notice creates an irrebuttable presumption of actual notice." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998). The Texas Property Code provides that an "instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument." TEX. PROP. CODE ANN. § 13.002. This section also "provides all persons . . . with notice of the deed's contents as well." *See Cosgrove v. Cade*, 468 S.W.3d 32, 34 (Tex. 2015). Purchasers of real property are deemed to have constructive notice of matters reflected in real property records chain of title. *See Noble Mortg. & Inv., LLC v. D & M Vision Inv., LLC*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Recorded instruments in a grantee's chain of title generally establish an irrebuttable presumption of notice."); *Jones v. Fuller*, 856 S.W.2d 597, 603 (Tex. App.—Waco 1993, writ denied) ("A purchaser of real property is constructively charged with notice of the existence of instruments recorded in the county where the property is situated and of instruments constituting his chain of title, whether or not they are recorded. Thus, an instrument that is properly recorded in the proper county is notice to all persons of its existence." (internal citations omitted)).

Here, Plaintiffs argue that the relevant grants were old and they did not discover them until shortly before this litigation. Plaintiffs, however, do not contests that the relevant deeds produced in this litigation were properly recorded

and were previously discoverable through reasonable diligence. These deeds put Plaintiffs on constructive notice of the scope of Union Pacific's rights when Plaintiffs purchased the relevant properties. Plaintiffs trespass claim is time barred because Plaintiffs had constructive notice of the scope of Union Pacific's easement when Plaintiffs obtained the relevant properties, which occurred more than two years before Plaintiffs sued. Accordingly, the Court **grants** summary judgment in favor of Union Pacific on Plaintiffs' trespass claim.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, Union Pacific is entitled to summary judgment on Plaintiffs' quiet title, declaratory judgment, and trespass claims. It is therefore

**ORDERED** that Defendant Union Pacific's Motion for Summary Judgment [Doc. # 54] is **GRANTED** and Plaintiffs' claims are **DISMISSED with prejudice.**

A final, appealable order will separately issue.

SIGNED at Houston, Texas, this 20th day of **May, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE